841 F.2d 1288
 21 Soc.Sec.Rep.Ser. 58
 Patsy BRADLEY, On Behalf of Herself and Her Minor Children,
and All Others Similarly Situated, Plaintiff-Appellant,
v.
E. Allen AUSTIN, Official Capacity, Secretary Cabinet for
Human Resources; and Otis Bowen, Secretary Health
and Human Services, Individually and in
His Official Capacity,
Defendants-Appellees.
 No. 87-5248.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 28, 1988.
Decided March 21, 1988.
 
 Glenda Harrison, Carl Melcher (argued), Northern Kentucky Legal Aid, Covington, Ky., for plaintiff-appellant.
 W. Kimble Moore, Office of the Counsel Cabinet for Human Resources, Frankfort, Ky., Edgar M. Swindell (argued), Asst. Regional Counsel, Office of General Counsel, HHS Atlanta, Ga., for defendants-appellees.
 Before MILBURN and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 MILBURN, Circuit Judge.
 
 
 1
 Plaintiff-appellant appeals from the summary judgment granted by the district court for defendants in this action challenging the Aid to Families with Dependent Children ("AFDC") program regulations enacted by the Secretary of Health and Human Services ("Secretary") and the State of Kentucky implementing the Deficit Reduction Act of 1984 ("DEFRA"). For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff initiated this action on August 15, 1986, seeking class-wide injunctive and declaratory relief with respect to state and federal implementation of the AFDC filing unit provision of DEFRA, 42 U.S.C. Sec. 602(a)(38) (Supp.1987). The complaint asserted that 45 C.F.R. Sec. 206.10(a)(1)(vii)(B) (1986) and the corresponding Kentucky state regulations[1] contravene the Social Security Act and violate the Federal Constitutional rights of the proposed plaintiff class. Plaintiff also moved for a preliminary injunction. On September 16, 1986, the Secretary filed its opposition to the motion for preliminary injunction and moved to dismiss or, in the alternative, for summary judgment. The State of Kentucky filed similar motions on September 22, 1986.
 
 
 3
 A preliminary injunction hearing was held on September 19, 1986, following which the district court concluded that the case was amenable for summary disposition and therefore combined consideration of the preliminary injunction with a review on the merits. The certification of a class was taken under advisement. Thereafter, plaintiff filed a cross-motion for summary judgment on November 13, 1986.
 
 
 4
 On January 5, 1987, the district court granted summary judgment for the state and federal defendants, adopting as its opinion the reasons stated in the defendants' memorandum. Plaintiff filed a timely notice of appeal on March 2, 1987.
 
 
 5
 Proceedings in this court were stayed pending the disposition by the United States Supreme Court of Bowen v. Gilliard, No. 86-509, and Flaherty v. Gilliard, No. 86-564. The Supreme Court consolidated these cases and rendered a decision upholding DEFRA's AFDC filing unit rule on June 25, 1987. Bowen v. Gilliard, 483 U.S. ----, 107 S.Ct 3008, 97 L.Ed.2d 485 (1987).
 
 
 6
 At the pertinent time period, the Bradley household, comprised of plaintiff Mrs. Bradley and her four daughters, received $750.00 per month in governmental benefits. Mrs. Bradley received $336.00 per month in Supplemental Security Income ("SSI"), and three of her four daughters received a combined $414.00 per month in Old Age, Survivors, and Disability Insurance ("OASDI") benefits as minor children of a disabled wage earner. Mrs. Bradley sought an additional $140.00 per month in AFDC benefits for her remaining daughter, a half-sibling of her other children.
 
 
 7
 Plaintiff Mrs. Bradley's request for benefits was denied because the Secretary's AFDC regulations implementing the family filing unit provision of DEFRA require the state agency to include in the application all children in the household. Since Mrs. Bradley was an SSI recipient, she was explicitly excluded from the unit and her income disregarded. See 42 U.S.C. Sec. 602(a)(24) (Supp.1987). However, the OASDI benefits of three of her children rendered their half-sister ineligible because the accountable family income was in excess of the standard of need for a unit of four persons as determined by the State of Kentucky.
 
 
 8
 On appeal, plaintiff argues that (1) the federal and state AFDC regulations are in irreconcilable conflict with Title II of the Social Security Act; (2) the federal regulations violate the equal protection and due process rights of the Title II children; and (3) the federal regulations violate the equal protection and due process rights of the Title II representative payees.
 
 II.
 A. Statutory Construction
 
 9
 The AFDC program, authorized under Title IV-A of the Social Security Act, 42 U.S.C. Secs. 601-15 (1983 and Supp.1987), is a cooperative federal-state effort established by Congress in 1935 under which grants are made to states to enable them, as far as practicable under the circumstances of each state, to furnish financial assistance and services to needy, dependent children of the parents or relatives with whom they are living. 42 U.S.C. Sec. 602 (1983 and Supp.1987); see Heckler v. Turner, 470 U.S. 184, 105 S.Ct. 1138, 84 L.Ed.2d 138 (1985); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Under the program, the federal government provides financial participation to match the contribution of a participating state, which administers the program and is required to submit for federal approval a "state plan" in conformity with the federal statute and implementing regulations. 42 U.S.C. Sec. 603 (1983 and Supp.1987); see 45 C.F.R. Sec. 201 (1986).
 
 
 10
 States "are given broad discretion in determining both the standard of need and the level of benefits[,]" exercising their responsibility given all the circumstances of a particular state. Shea v. Vialpando, 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120 (1974); see also Rosado v. Wyman, 397 U.S. 397, 408-09, 90 S.Ct. 1207, 1216, 25 L.Ed.2d 442 (1970). Each state AFDC plan specifies a "statewide standard of need, which is the amount deemed necessary by the State to maintain a hypothetical family at a subsistence level." Shea, 416 U.S. at 253, 94 S.Ct. at 1750. "Both eligibility for AFDC assistance and the amount of benefits to be granted an individual applicant are based on a comparison of the State's standard of need with the income and resources available to that applicant." Id.
 
 
 11
 Prior to 1984, there was no requirement that all coresident family members be included in the family filing unit for determining AFDC eligibility. Gilliard, 107 S.Ct. at 3011. Indeed, in anticipation of the receipt of income such as social security benefits, a family member could be selectively removed from the AFDC filing unit, which resulted in larger benefits for the family as a whole. Id. States were precluded from considering income or resources of excluded individuals in determining eligibility and benefits for the unit, except certain kinds of income from enumerated parental, spousal, and step-parent sources.
 
 
 12
 Title II of the Social Security Act creates several programs under which an individual may receive benefits from a social security trust fund. All of the programs are based upon the earnings record of either the individual or a related wage earner. 42 U.S.C. Secs. 401-33 (1983 and Supp.1987). A child is generally entitled to receive OASDI benefits if he or she (1) is the child of an "insured" person within the meaning of the Act; (2) is or was dependent on the insured; (3) applies; (4) is unmarried; and (5) unless disabled, is under eighteen years of age or older than eighteen years of age but still a full-time elementary or secondary student. 42 U.S.C. Sec. 402(d) (Supp.1987); see Childress v. Secretary of Health & Human Services, 679 F.2d 623, 624 (6th Cir.1982).
 
 
 13
 Pursuant to 42 U.S.C. Sec. 405(j)(1) (Supp.1987), Title II payments may be paid directly to the beneficiary or may be paid to persons (sometimes referred to as "representative payees") other than the Title II recipient. Section 405(j)(1) provides:
 
 
 14
 When it appears to the Secretary that the interest of an applicant entitled to a payment would be served thereby, certification of payment may be made, regardless of the legal competency or incompetency of the individual entitled thereto, either for direct payment to such applicant, or for his use and benefit to a relative or some other person.
 
 
 15
 Once payment to a representative payee is elected, the representative payee must use the OASDI benefits for the sole benefit of the beneficiary. See 20 C.F.R. Secs. 404.2035-404.2045 (1987). Otherwise, the representative payee is subject to both criminal and civil liability. 42 U.S.C. Sec. 408(e) (1983 and Supp.1987); see also 20 C.F.R. Sec. 404.2041 (1987).
 
 
 16
 DEFRA made several changes in the AFDC program, including one involving the composition of a filing unit for AFDC assistance.[2] This amendment was initially proposed by Health and Human Services Secretary Heckler, and the language of the provision that ultimately passed is virtually identical to the Secretary's proposed amendment. Gilliard, 107 S.Ct. at 3012. The Secretary's proposed amendment initially became part of the draft of the Omnibus Reconciliation Act of 1983. Subsequently, the proposal was incorporated into the Senate version of DEFRA. Id. at 3012-13.
 
 
 17
 In 1984, the Senate Committee on Finance provided the following explanation of the amendment:
 
 Present Law
 
 18
 There is no requirement in present law that parents and all siblings be included in the AFDC filing unit. Families applying for assistance may exclude from the filing unit certain family members who have income which might reduce the family benefit. For example, a family might choose to exclude a child who is receiving social security or child support payments, if the payments would reduce the family's benefits by an amount greater than the amount payable on behalf of the child....
 
 Explanation of Provision
 
 19
 The provision approved by the Committee would require States to include in the filing unit the parents and all dependent minor siblings ... living with a child who applies for or receives AFDC.
 
 
 20
 This change will end the present practice whereby families exclude members with income in order to maximize family benefits, and will ensure that the income of family members who live together and share expenses is recognized and counted as available to the family as a whole.
 
 
 21
 Bowen v. Gilliard, 107 S.Ct. at 3013 (quoting S.Rep. No. 169, 98th Cong., 2d Sess., Vol. 1, at 980) (emphasis supplied). See also H.R. Conf.Rep. No. 861, 98th Cong., 2d Sess. 1407, reprinted in 1984 U.S.Code Cong. & Admin.News 697, at 2095. The Conference version of DEFRA was identical to the Senate version with one added modification, i.e., "a monthly disregard of $50 of child support received by a family [was] established." Id.; see Gilliard, 107 S.Ct. at 3013.
 
 
 22
 Section 2640(a) of DEFRA, as codified, provides:A State plan for aid and services to needy families with children must--
 
 
 23
 * * *
 
 
 24
 (38) provide that in making the determination under paragraph (7) [concerning income and resources] with respect to a dependent child in applying paragraph (8) [concerning certain disregards of income], the State agency shall ... include--
 
 
 25
 (A) any parent of such child, and
 
 
 26
 (B) any brother or sister of such child, ...
 
 
 27
 if such parent, brother, or sister is living in the same house as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 405(j) of this title, in the case of benefits provided under subchapter II of this chapter) [.]
 
 
 28
 42 U.S.C. Sec. 602(a)(38) (Supp.1987) (emphasis supplied). Thus, Congress clearly intended to prohibit the prior practice of excluding siblings with income and resources from the family filing unit in order to allow other family members to qualify for AFDC benefits. The Secretary's regulations implementing the congressional redefinition of the family filing unit provide that in determining AFDC eligibility, the income of any natural or adoptive parents, step-parents, and blood-related or adoptive brother or sisters must be included in determining family eligibility.[3]
 
 
 29
 Plaintiff argues, however, that the Secretary's regulations implementing DEFRA's redefinition of the family filing rule are in direct conflict with Title II, 42 U.S.C. Sec. 401 et seq., as the requirement that OASDI benefits and beneficiaries be included in the AFDC family filing unit requires the representative payee or the Title II recipient to use such benefits not only for the benefit of the named beneficiary, but for other family members as well. Therefore, plaintiff argues that the regulations force the representative payee to use OASDI benefits for the entire family, thus forcing the representative payee, at the risk of criminal and civil liability, to violate the regulations limiting OASDI benefits solely for the support of the named beneficiary.[4]
 
 
 30
 In determining the meaning of legislation, we must first look to the plain language of the statute itself. McBarron v. S & T Indus., Inc. 771 F.2d 94, 97 (6th Cir.1985). If we find that the statutory language is unambiguous, then that language is regarded as conclusive unless there is a clearly expressed legislative intent to the contrary. United States v. Premises Known as 8584 Old Brownsville Road, Shelby County, Tennessee, 736 F.2d 1129, 1130 (6th Cir.1984). If we find that the statute is ambiguous, we then look to its legislative history. Blum v. Stenson, 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984).
 
 
 31
 In the present case, however, 42 U.S.C. Sec. 602(a)(38) clearly "reveals Congress' intent that 'any income of or available for such parent, brother, or sister shall be included in making [the AFDC] determination and applying such paragraph with respect to the family ...' if the brother or sister is living with the dependent child." Oliver v. Ledbetter, 821 F.2d 1507, 1512 (11th Cir.1987) (emphasis in original). See also Gorrie v. Bowen, 809 F.2d 508, 513-15 (8th Cir.1987). Further, the statute explicitly states that it operates "notwithstanding [42 U.S.C.] section 405(j) ... in the case of benefits provided under subchapter II of this chapter." As indicated earlier, section 405(j) requires that OASDI benefits be used by the representative payee for the sole benefit and use of the beneficiary and expressly prohibits OASDI benefits for the use and benefits of other resident children.
 
 
 32
 Thus, if, as plaintiff argues, the Secretary's regulations concerning AFDC benefits are in irreconcilable conflict with Title II limitations on the use of OASDI benefits, then the statutory language indicating that it applies, notwithstanding section 405(j), "clearly indicates that Congress anticipated the alleged incongruence" and intended that section 602(a)(38) would prevail. Gorrie, 809 F.2d at 518. Once section 405(j) is made inapplicable to the situation, then it logically follows that the criminal and civil sanctions contained in 42 U.S.C. section 408 are inapplicable as well. Id.; see also Huber v. Blinzinger, 626 F.Supp. 30 (N.D.Ind.1985).[5]
 
 
 33
 Perhaps the strongest support for plaintiff's position can be found in the inalienability provision of Title II, 42 U.S.C. Sec. 407(a) (1983):
 
 
 34
 The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
 
 
 35
 Congress has also established requirements for any legislation seeking to modify the anti-alienation provision:
 
 
 36
 No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.
 
 
 37
 42 U.S.C. Sec. 407(b) (1983).
 
 
 38
 We conclude, however, that "[t]he Secretary's regulation does not subject Title II benefits to legal process ... nor does it result in an assignment or transfer of benefits. It requires only that Title II benefit recipients apply for AFDC and have their incomes included in the family filing unit." Gorrie, 809 F.2d at 517 (emphasis added). The inclusion of this income in determining need "does not constitute a use of legal process to garnish or attach benefits." Id. In our view, 42 U.S.C. section 602(a)(38) does not assign or transfer Title II benefits away from the beneficiary to others, but simply mandates that OASDI income be considered in determining the overall need of a family. "To the extent that sharing of income among family members occurs after the benefits are paid to the representative payee, it is not prohibited by the anti-alienation provision. The use of Title II benefits by a representative payee is specifically governed by other provisions of Title II." Id. Section 602(a)(38) amended those sections; viz., 20 C.F.R. Secs. 404.2035-404.2045 (1987). See also 42 U.S.C. Sec. 408(e). The anti-alienation provision was not affected.
 
 
 39
 Plaintiff further argues that the Secretary's regulations implementing DEFRA violate the principle of "actual availability." The "actual availability" principle prohibits states from counting nonexistent or unrealizable income, or income which is unavailable as a matter of law when making AFDC eligibility decisions. Heckler v. Turner, 470 U.S. 184, 105 S.Ct. 1138, 84 L.Ed.2d 138 (1985). The principle "has served primarily to prevent the States from conjuring fictional sources of income and resources by imputing financial support from persons who have no obligation to furnish it or by overvaluing assets in a manner that attributes nonexistent resources to recipients." Id. at 200, 105 S.Ct. 1147. See Van Lare v. Hurley, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975); Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); King, 392 U.S. at 309, 88 S.Ct. at 2129.
 
 
 40
 In the present case, plaintiff argues that since Title II benefits are restricted to the sole use of the named beneficiary, those benefits are not available to the family as a whole and cannot be considered as familial income. However, we agree with the holding in Gorrie that "this is not a case of a recipient's need being 'artificially depreciated,' as the availability principle forbids. Rather, it is a case of Congress exercising its power to redirect the focus of AFDC need determinations." Gorrie, 809 F.2d 515-16. Congress has "determined that most AFDC households share expenses relating to food and shelter, and thus authorized the use of OASDI benefits for coresident siblings." Oliver, 821 F.2d at 1513. Thus, we conclude, as did the courts in Gorrie and Oliver, that the Secretary's regulations do not violate the principle of "actual availability."[6]
 
 B. Constitutional Argument
 
 41
 We begin our analysis of the constitutional issues by noting our limited and deferential standard of review. "[T]he intractable economic, social, and even philosophical problems presented by public welfare assistance programs are not the business of [federal courts]." Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 1162-63, 25 L.Ed.2d 491 (1970). " 'Governmental decisions to spend money to improve the general public welfare in one way and not another are not confided to the courts. The discretion belongs to Congress unless the choice is clearly wrong, a display of arbitrary power, not an exercise of judgment.' " Bowen, 107 S.Ct. at 3015 (quoting Mathews v. De Castro, 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976)). Our limited scope of review "is premised on Congress' 'plenary power to define the scope and the duration of the entitlement to ... benefits, and to increase, to decrease, or to terminate those benefits based on its appraisal of the relative importance of the recipients' needs and the resources available to fund the program.' " Bowen, 107 S.Ct. at 3015 (quoting Atkins v. Parker, 472 U.S. 115, 129, 105 S.Ct. 2520, 2529-30, 86 L.Ed.2d 81 (1985)). Thus, we will not disturb the economic decisions of Congress as long as Congress had a rational basis for its determinations. See Lyng v. Castillo, 477 U.S. 635, 106 S.Ct. 2727, 91 L.Ed.2d 527 (1986). In sum, "the Constitution does not empower [federal courts] to second-guess ... officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients." Dandridge, 397 U.S. at 487, 90 S.Ct. at 1163.
 
 1. Due Process
 
 42
 Plaintiff contends that the Secretary's regulations implementing DEFRA violate the substantive due process rights of Title II children living with AFDC families because the regulations impose on a group of children the responsibility of supporting their needy siblings in violation of the fundamental due process requirement that "legal burdens should bear some relationship to individual responsibility." Pickett v. Brown, 462 U.S. 1, 7, 103 S.Ct. 2199, 2204, 76 L.Ed.2d 372 (1983) (quoting Weber v. Aetna Casualty & Sur. Co., 406 U.S. 164, 175, 92 S.Ct. 1400, 1407, 31 L.Ed.2d 768 (1972)). Initially, however, the plaintiff's due process claims "must fail because they are based on the erroneous premise that OASDI recipients enjoy a constitutionally protected right against having the amount of their benefits modified by Congress." Oliver, 821 F.2d at 1514. Title II recipients have no constitutionally protected interest against congressional modification of their benefits. See Weinberger v. Salfi, 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975); see also Richardson v. Belcher, 404 U.S. 78, 80-81, 92 S.Ct. 254, 256-57, 30 L.Ed.2d 231 (1971); Flemming v. Nestor, 363 U.S. 603, 608-11, 80 S.Ct. 1367, 1371-72, 4 L.Ed.2d 1435 (1960). Since the recipients have no protected constitutional interest, our review is, as indicated above, deferential and limited to whether the legislation amounts to arbitrary governmental action.
 
 
 43
 As indicated above, the pertinent legislative history of 42 U.S.C. section 602(a)(38) reveals that Congress, in allocating limited public welfare funds, has determined that family members living together reasonably pool their income and resources on such items as food and housing. We conclude "that the statute is rationally related to the legislative goal of distributing limited welfare benefits to those families most in need." Oliver, 821 F.2d at 1515. "[I]t is rational and consistent with the purposes of the AFDC program for Congress to structure AFDC eligibility determinations in a manner that focuses on the needs of family units instead of individuals." Gorrie, 809 F.2d at 524. While Mrs. Bradley may disagree with Congress' rationale, federal court is not the appropriate forum in which to raise her complaints.
 
 
 44
 Finally, our conclusion that the regulations do not violate the due process rights of the Title II beneficiaries is, in our view, mandated by the Supreme Court's holding in Gilliard that inclusion of child support benefits and beneficiaries (another type of exclusive use income) in the family filing unit does not violate the child support recipient's due process rights. Gilliard, 107 S.Ct. at 3015-18. For the purposes of due process analysis, no principal distinction exists between social security benefits and child support payments.
 
 
 45
 Plaintiff further argues that the Secretary's regulations violate the due process rights of the representative payees by making the family's income depend on the payees' willingness to violate the law. However, as we earlier concluded that 42 U.S.C. section 602(a)(38) made the criminal and civil sanctions inapplicable to representative payees in this situation, it logically follows that this due process argument summarily fails. It is no longer a violation of the legal or fiduciary duties of representative payees to use OASDI benefits to meet the shared subsistence needs of the OASDI recipient and other coresident members of the family. See Gorrie, 809 F.2d at 518.
 
 2. Equal Protection
 
 46
 Plaintiff argues that the Secretary's regulations violate equal protection rights as guaranteed by the Fifth Amendment in that the regulations impose burdens on one class of Title II children, those living with other needy siblings, in an arbitrary and capricious manner. Plaintiff concedes, however, that neither a suspect classification nor a fundamental right is implicated. Therefore, the legislative classification is subject to only "rational basis" scrutiny. See City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 440-42, 105 S.Ct. 3249, 3255-56, 87 L.Ed.2d 313 (1985). Thus, the legislative classification is legitimate and valid if it "rationally furthers a legitimate state purpose." Zobel v. Williams, 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1982).
 
 
 47
 In this case, as indicated above, there is a clear rational basis for Congress' action. As the Court noted in Gilliard, the rationality of the filing unit provision lies (1) in the government's "interest in distributing benefits among competing needy families in a fair way," (2) in Congress' assumption that payments to one individual in a family are "generally beneficial to the entire family unit," and (3) " 'the common sense proposition that individuals living with others usually have reduced per capita costs because many of their expenses are shared.' " Gilliard, 107 S.Ct. at 3016 (quoting Termini v. Califano, 611 F.2d 367, 370 (2d Cir.1979). "Although this situation may appear unfair, it does not amount to a constitutional violation." Oliver, 821 F.2d at 1516.
 
 
 48
 Finally, plaintiff argues that the Secretary's regulations violate the equal protection rights of the representative payees in that representative payees living in a household with AFDC recipients are required to violate their fiduciary duties while payees who do not live with AFDC recipients are not so obligated. However, as we have previously concluded that these representative payees will not be subject to liability for using OASDI benefits for shared subsistence expenses, plaintiff's argument necessarily fails. If Congress did create classes of representative payees, such classification is not arbitrary and, as indicated above, rationally furthers federal and state governmental interests in distributing limited funds to the most needy families and in reducing the Nation's deficit.
 
 III.
 
 49
 Finding that the federal and state family filing unit regulations are consistent with the congressional mandate contained in the Deficit Reduction Act of 1984, the Social Security Act, and the Fifth and Fourteenth Amendments to the United States Constitution, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 See 904 Ky.Admin.Regs 2:006 and 2:016 (1986)
 
 
 [2]
 "The Senate Finance Committee estimated that the change would save $455,000,000 during the next three fiscal years." Bowen v. Gilliard, --- U.S. ----, 107 S.Ct. 3008, 3013, 97 L.Ed.2d 485 (1987)
 
 
 [3]
 45 C.F.R. Sec. 206.10(a)(1)(vii) (1986) provides:
 For AFDC only, in order for the family to be eligible, an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance:
 (A) Any natural or adoptive parent, or stepparent ...; and
 (B) Any blood-related or adoptive brother or sister.
 
 
 [4]
 We note that district courts in this circuit have rendered conflicting decisions. Compare Ardister v. Mansour, 627 F.Supp. 641 (W.D.Mich.1986) (upholding the Secretary's interpretation) with Gibson v. Sallee, 648 F.Supp. 54 (M.D.Tenn.1986) (rejecting the Secretary's interpretation) (prelim. injunction--both cases)
 
 
 [5]
 Our statutory interpretation is also bolstered by the now well-settled principle of statutory construction that a reasonable interpretation of a statute by the agency to which Congress has intrusted the statute's administration is entitled to deference. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45, 104 S.Ct. 2778, 2781-83, 81 L.Ed.2d 694 (1984); see also Connecticut Dep't of Income Maintenance v. Heckler, 471 U.S. 524, 532, 105 S.Ct. 2210, 2215, 85 L.Ed.2d 577 (1985) ("agency's construction need not be the only reasonable one in order to gain judicial approval.")
 
 
 [6]
 The plaintiff also argued below that siblings receiving OASDI benefits are not to be included in the AFDC family filing unit because those children are adequately supported by a parent and are not dependent children as defined by the statute. While not advanced on appeal, we note that two circuits have subsequently rejected those arguments. Oliver, 821 F.2d at 1513; Gorrie, 809 F.2d at 513-14