Jimmy M. EVANS, Commissioner of the Tennessee Department of Transportation

v.

James H. BURNLEY, IV, Acting Secretary of the United States Department of Transportation.

No. 3–87–0489.

United States District Court, M.D. Tennessee, Nashville Division.

May 27, 1988.

366

Frank J. Scanlon, Office of the Atty. Gen., Nashville, Tenn., for plaintiff.

Richard K. Willard, Joe B. Brown, James C. Thomason, III, Asst. U.S. Atty., Nashville, Tenn., Sandra M. Schraibman, Mona S. Butler, Civ. Div., Dept. of Justice, Washington, D.C., for defendant.

Robert L. Baker, Buck & Baker, Nashville, Tenn., Daniel R. Barney, John J. Collins, ATA Litigation Center, Alexandria, Va., for intervening defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

In this action, plaintiff Commissioner of the Tennessee Department of Transportation (the "Commissioner") seeks a declaratory judgment that the Tennessee ban of all trucks from Interstate Route 440 ("I–440"), running through Nashville and Davidson County, is not preempted by federal law. Alternatively, plaintiff requests this Court to declare that regulations promulgated by the defendant Secretary of the United States Department of Transportation (the "Secretary") exempt the I–440 truck ban from being preempted. In addition, defendants seek a declaration that subsequent Tennessee law prohibits a total ban of trucks on I–440. The intervening defendant motor carriers and trucking industry trade associations also assert a

counterclaim that such a ban would constitute a denial of their federal constitutional rights under color of state law. The parties are now before the Court on cross motions for summary judgment, having presented oral argument on these issues on April 22, 1988.

## I. FINDINGS OF FACT

In 1955, Tennessee enacted what is now Tenn.Code Ann. § 54–16–101, which provides:

[A] controlled-access facility is defined as a highway or street especially designed for through traffic and over, from, or to which owners, or occupants of abutting land or other persons have no right of access from abutting properties. Such highways or streets may be parkways, from which trucks, buses, and other commercial vehicles shall be excluded.

One purpose of this provision is to prohibit trucks from Tennessee roads that formally are declared by law to be controlled-access parkways. In April 1980, Tennessee enacted Tenn.Code Ann. § 54–16–110, which provides that "Interstate Route 440 in Davidson County is hereby designated as a parkway." At that time, I–440 had not yet been built.

Notwithstanding I–440's parkway designation, the Tennessee Department of Transportation and the Federal Highway Administration (the "FHWA") in completing the official environmental impact statement for the I–440 project in September 1980, concluded that "after closely evaluating the advantages and disadvantages, the determination was made that the overall public interest would best be served by not prohibiting trucks on I–440." Also, despite the I–440 parkway designation, Tennessee, in April 1982, passed Tenn.Code Ann. § 55–11–208, which expressly permits tandem trailer trucks to use the interstate highway system in Tennessee "[n]otwithstanding any provisions of the law to the contrary." Additionally, in May 1983, Tennessee passed Tenn.Code Ann. §§ 55–11–201(c) and 55–11–202(c), which, despite the I–440 parkway designation, permit trucks meeting federal length and width standards to use Tennessee highways.

The Federal–Aid Highways Act (the "FAHA"), 23 U.S.C. § 101, et seq., was enacted by Congress in 1958. One of the primary purposes of the FAHA was to develop a unified national interstate highway system. See 23 U.S.C. § 101(b). Funding for the interstate system is authorized by 23 U.S.C. § 104(B)(5)(A), under which the federal government pays ninety percent of the construction cost and the States pay ten percent. The individual States own the segments of the interstate system located within their borders, and each State is responsible for maintaining its portion. Id. at § 116.

In January 1983, Congress enacted the Surface Transportation Assistance Act of 1982 (the "STAA"), 49 U.S.C.App. § 2301, et seq., the purpose of which was to enhance the free flow of interstate truck traffic by, among other things, setting uniform national length, height, and configuration standards for trucks using the interstate highways. Concerning trailer length limitations, the STAA states that, except as otherwise provided,

no State shall establish, maintain, or enforce any regulation of commerce which imposes a vehicle length limitation of less than forty-eight feet on the length of the semitrailer unit operating in a truck tractor-semitrailer combination on any segment of the [interstate highway system].

Id. at § 2311(a).

Concerning overall length limitations, the STAA provides, in pertinent part:

No State shall establish, maintain, or enforce any regulation of commerce which imposes an overall length limitation on commercial motor vehicles operating in truck-tractor semitrailer or truck tractor semitrailer, trailer combinations. No State shall establish, maintain, or enforce any regulation of commerce which has the effect of prohibiting the use of trailers or semitrailers of such dimensions as those that were in actual and lawful use in such State on December 1, 1982.

Id. at § 2311(b).

Concerning tandem trailers, the STAA states that, except as otherwise provided,

"[n]o State shall prohibit commercial motor vehicle combinations consisting of a truck tractor and two trailing units on any segment of the [interstate highway system]." *Id.* at § 2311(c). Finally, concerning width limitations, the STAA states that, except as otherwise provided,

no State, other than the State of Hawaii, shall establish, maintain, or enforce any regulation of commerce which imposes a vehicle width limitation of more or less than 102 inches on any segment of the [interstate highway system] with traffic lanes designed to be a width of twelve feet or more.

I–440, which loops south of Nashville's main business district for seven and one half miles, connecting three other interstate highways, was built with FAHA funds as part of the interstate highway system. On April 3, 1987, this segment was opened to all traffic, including trucks, whose operation has not been restricted on I–440 since that date. In May 1987, the Tennessee Attorney General issued an opinion that Tenn.Code Ann. §§ 54–16–101 and 54–16–110 operate to prohibit trucks from using I–440. In July 1987, the FHWA advised Tennessee that such a ban is preempted by the above quoted sections of the STAA.

## II. CONCLUSIONS OF LAW

### A. *Preemption*

As an initial matter, the Court determines that this controversy is appropriate for declaratory judgment under 28 U.S.C. § 2201. *See Grand Trunk Western Railroad v. Consolidated Rail Corp.,* 746 F.2d 323, 326 (6th Cir.1984).

The Supremacy Clause of the United States Constitution provides that

[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. Under this clause, a state law that conflicts with a federal statute or regulation is preempted by the federal law and, therefore, is invalid. *See, e.g., Katharine Gibbs School (Inc.) v. F.T.C.,* 612 F.2d 658, *reh'g denied,* 628 F.2d 755 (2d Cir.1979).

■ The plaintiff Commissioner contends that the STAA does not preempt a State's police power to ban all trucks from segments of the interstate highway system, but rather, only prohibits a State from discriminating against certain types, lengths, and widths of trucks where trucks otherwise are allowed. Because the preemption question presents no genuine issues of material fact, the Court determines that this matter is appropriate for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).[1]

■ The proper analysis in preemption cases recently has been restated by the Supreme Court in *California Coastal Commission v. Granite Rock Co.,* 480 U.S. 572, 107 S.Ct. 1419, 1425, 94 L.Ed.2d 577 (1987), as follows:

"[S]tate law can be pre-empted in either of two general ways. If Congress evidences an intent to occupy a given field, any state law falling within that field is pre-empted. [citations omitted] If Congress has not entirely displaced state regulation over the matter in question, state law is still pre-empted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law, [citation omit-

---

**1.** The intervening defendants argue as a counterclaim that the I–440 truck ban impliedly was repealed by the passage of the subsequent Tennessee statutes that permit trucks meeting STAA length, width, and configuration standards to operate on the interstate highway system in Tennessee. *See* Tenn.Code Ann. §§ 55–11– 201(c) (truck length), 55–11–202(c) (truck width), 55–11–208 (twin trailer trucks). Noting that repeal of statutes by implication is not favored, *see Jenkins v. Loudon County,* 736 S.W.2d 603 (Tenn.1987), the Court finds this argument to be without merit.

ted] or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress. [citations omitted]

*See also CTS Corp. v. Dynamics Corp. of America,* 481 U.S. 69, 107 S.Ct. 1637, 1644, 95 L.Ed.2d 67 (1987). Because defendants do not contend that the STAA evidences a congressional intent to occupy the field of truck regulation on the interstate highway system, the issue narrows to whether the state truck ban in question actually conflicts with the STAA or stands as an obstacle to the accomplishment of its full purpose. Having reviewed the language of the STAA along with its legislative history, the Court finds that Tennessee's purported ban of trucks on I–440 both conflicts with and frustrates the full purpose of the STAA.

"In determining the meaning of legislation, we must first look to the plain language of the statute itself.... If we find that the statutory language is unambiguous, then that language is regarded as conclusive unless there is a clearly expressed legislative intent to the contrary." *Bradley v. Austin,* 841 F.2d 1288, 1293 (6th Cir.1988) (citations omitted). The language of 49 U.S.C.App. § 2311(a), the second sentence of 49 U.S.C.App. § 2311(b), and 49 U.S.C.App. § 2316 specifically prohibits state regulations imposing impermissible limitations based on length or width. The plaintiff Commissioner may be correct in arguing that these provisions are not in conflict with the Tennessee law because the State's total ban on trucks is not based on length or width. Assuming, arguendo, that this analysis is correct, it is, nevertheless, incomplete.

The language of 49 U.S.C.App. § 2311(b) expressly prohibits any state regulation "which *has the effect* of prohibiting the use of trailers or semitrailers of such dimensions as those that were in actual and lawful use in such State" before the STAA was enacted. (emphasis added) Although the earlier cited provisions of the STAA may be read to disallow only discriminatory state regulations based on length and width, 49 U.S.C.App. § 2311(b) is broader in scope. The total ban of trucks from

I–440 clearly has the effect of prohibiting the use of vehicles that previously were in actual and lawful use on the interstate highway system in Tennessee. *See generally* Tenn.Code Ann. §§ 55–11–201, –202 (1980 Replacement) (truck lengths, widths, and heights previously allowed). Because state officials could not enforce this ban without violating the express provision of section 2311(b), federal and state laws clearly conflict on this point.

Additionally, 49 U.S.C.App. § 2311(c) expressly provides that *"[n]o State shall prohibit* commercial motor vehicle combinations consisting of truck tractor and two trailing units"* on the interstate highway system. (emphasis added) Although Tennessee's total ban of trucks on I–440 makes no specific reference to tandem truck combinations, 49 U.S.C.App. § 2311(c), by its terms, does not merely disallow discrimination based on truck configuration. Rather, this provision disallows any state regulation that would have the effect of prohibiting tandem trucks. One obvious effect of the Tennessee ban is to prohibit tandem trucks on I–440. Thus, because state officials could not enforce this ban without violating the express provisions of section 2311(c), federal and state law again clearly conflict on this point.

██ Further, the Court finds that the state ban of trucks on I–440, in addition to actually conflicting with the express provisions of the federal law, also stands as an impermissible obstacle to the accomplishment of the full purposes and objectives of the STAA. Plaintiff argues that the STAA's purpose, as stated in its legislative history, is to bring some degree of uniformity to state standards regulating trucks and, thus, eliminate "barrier States" whose stricter standards often have served to prevent nonconforming truck traffic from driving through these States. *See* H.R. Rep. No. 555, 97th Cong., 2d Sess. 23, *reprinted in* 1982 U.S.Code Cong. & Admin.News [hereinafter "U.S.C.C.A.N."] 3639, 3661 (STAA "would eliminate the problem of the three remaining 'barrier States' which have not adjusted their

weight laws in conformity with the other States and which thus impose an undue burden on interstate commerce."). Thus, plaintiff contends that, because the ban of trucks from I-440 does not prevent any truck within STAA limitations from traveling through Tennessee, the ban does not create a barrier and does not frustrate the purpose of the STAA.

This analysis, however, also is incomplete. Although the elimination of "barrier States" may be one purpose of the STAA, a more thorough reading of the legislative history indicates a much broader intent behind the federal law: to allow all trucks meeting STAA standards to travel on all portions of the interstate highway system. *See id.* at 3, U.S.C.C.A.N. at 3641 ("The truck size and weight provisions are revised to require States to allow double trailers, weights of 80,000 pounds, and widths of 102 inches for all trucks operating on the Interstate System."); *id.* at 23–24, U.S. C.C.A.N. at 3661–62 ("States are further precluded from prohibiting the use of trailers or semitrailers of such dimensions as those that were in actual and lawful use in such State on the date of enactment of this Act.... [The bill] also provides that no State shall prohibit or restrict the use of existing double trailers of up to 28½ feet for the life of those trailers."); S.Rep. No. 505, 98th Cong., 2d Sess. 2, *reprinted in* 1984 U.S.C.C.A.N. 4769, 4770 ("The STAA precludes States from prohibiting the operation of 'doubles' ... on any segment of highway which the Secretary has designated for their use."); *id.* at 3, U.S.C.C.A.N. at 4771 ("The STAA mandates that tandem trailer trucks and the other longer, wider trucks authorized under that act be permitted on all interstate highways."); 130 Cong.Rec. S246 (daily ed. Jan. 26, 1984) (statement of Sen. Moynihan) ("In the [STAA], Congress required the States to allow tractor-double trailer combinations and longer single trailers on all interstate highways...."); *id.* at S12,575 (daily ed. Oct. 2, 1984) (statement to Sen. Moynihan) ("[The STAA] is clear and direct; it mandates that the States must allow single trailers of 48 feet and tandem trailers of 28

feet per trailer on the entire Interstate Highway System.").

Thus, although the Tennessee law does not discriminate specifically against certain lengths, widths, and configurations, it nonetheless frustrates the intent of the STAA by effecting within its total ban on I-440 a prohibition of trucks that Congress intended to have access to the entire interstate system. Given this clear mandate by Congress, the fact that Tennessee's ban affects only a short stretch of interstate for which a reasonable alternative route is available, and, thus, does not create a "barrier State," becomes irrelevant. Having determined that the Tennessee law conflicts with the express language of the STAA and stands as an obstacle to the accomplishment of the full purposes and objectives of the STAA as stated in its legislative history, the Court hereby GRANTS the defendants' motion for summary judgment on this issue and DECLARES that Tenn.Code Ann. §§ 54–16–101 and 54–16–110 are preempted by the STAA to the extent that the Tennessee provisions purport to authorize a total ban of trucks on I-440. *See New York State Motor Truck Ass'n v. City of New York,* 654 F.Supp. 1521, 1525 (S.D.N.Y.), *aff'd,* 833 F.2d 430 (2d Cir.1987) (per curiam) ("Congress intended explicitly to preempt State regulations of STAA vehicles that conflict with the provisions and purposes of the statute.").

■ Alternatively, plaintiff argues that even if the STAA otherwise has preempted the States' authority to impose a total ban of trucks from any segment of the interstate highway system, the Court should rule that the I-440 ban is exempt from such preemption under 23 C.F.R. § 658.11(e), which, as originally formulated, provided that "[t]hose portions of the Interstate System where all commercial motor vehicles were banned on January 6, 1983" are not subject to the STAA's provisions. The practical effect of this provision is that, on such exempted highways, States may impose truck restrictions more rigorous than STAA standards. Plaintiff contends that I-440 qualifies for this exemp-

tion because Tennessee designated I–440 a parkway, thus banning trucks from it, in 1980.

However, this rule recently has been amended to provide that "[t]hose portions of the Interstate System *which were open to traffic* and on which all commercial motor vehicles were banned on January 6, 1983" are not subject to the STAA. 53 Fed.Reg. 12,149 (to be codified at 23 C.F.R. § 658.11(f)) (emphasis added). Because I–440 was not yet opened to traffic on January 6, 1983, this exemption is not available in the instant case and, therefore, does not shield Tennessee's truck ban on I–440 from the preemptive effect of the STAA.[2]

### B. *42 U.S.C. § 1983 Claim*

[6] Finally, the intervening defendants allege a cause of action under 42 U.S.C. § 1983, contending that the plaintiff intends, under color of state law, to deprive them of the right to operate trucks on I–440 as guaranteed by the STAA and the United States Constitution.

Under 42 U.S.C. § 1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In addition to declaratory relief, the intervening defendants seek a permanent injunction, if necessary, prohibiting plaintiff from banning trucks on I–440, and costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

The intervening defendants, however, have not alleged that plaintiff has done anything that has resulted in injury or the actual deprivation of their federal statutory or constitutional rights. Indeed, no trucks otherwise complying with the law have been banned from I–440 since it was opened to traffic. Further, the Court can discern no wrongdoing or intent on the part of plaintiff to violate the rights of the intervening defendants. In fact, the record indicates that plaintiff has shown good faith in attempting to determine his duties under the law and to protect the rights of trucking interests. For this reason, the Court hereby GRANTS plaintiff's motion on this issue and DISMISSES intervening defendants' 42 U.S.C. § 1983 claim.

### III. SUMMARY

The plaintiff Commissioner of the Tennessee Department of Transportation seeks a declaratory judgment that the State's purported total ban of trucks from Interstate Route 440 ("I–440") in Davidson County is not preempted by federal law. The Court GRANTS the motion for summary judgment of the defendant Secretary of the United States Department of Transportation and the intervening defendant trucking industry representatives, and DECLARES that Tenn.Code Ann. §§ 54–16–101 and 54–16–110 are preempted by the Surface Transportation Assistance Act of 1982 to the extent that the Tennessee provisions purport to authorize a total ban of trucks from I–440.

Further, concerning the intervening defendants' claim under 42 U.S.C. § 1983 that such a ban would, under color of state law, deprive them of federally guaranteed rights, the Court hereby GRANTS plaintiff's motion and DISMISSES that claim.

The Court is aware of the public interest and controversy that has surrounded the construction of I–440. *See Nashvillians Against I–440 v. Lewis*, 524 F.Supp. 962

---

**2.** The STAA was amended in 1984 by the Tandem Trailer Safety Act (the "TTSA"), 49 U.S.C. App. §§ 2311(i) and 2316(e), to provide a second exemption from the provisions of the STAA. The TTSA authorizes the Secretary, upon a State's petition, to exempt certain segments of the interstate highway system based on safety concerns, thus allowing a State to impose standards more rigorous than those of the STAA. The plaintiff, however, has not presented any safety concerns in support of its ban of trucks from I–440, and, therefore, the availability of the STAA exemption is not at issue in the instant case.

**372**

(M.D.Tenn.1981). The Court also is mindful of the fact that Congress, in providing for the public welfare of the entire Nation, at times necessarily must discount legitimate concerns of a more local nature. Nevertheless, the Framers of our Constitution clearly provided that once Congress properly has chosen to regulate a given activity, the States may not impose conflicting regulations on that activity. The supremacy of federal law is an elemental characteristic of our system of government.

In this case, Tennessee's purported ban of all trucks from I–440 may well have answered the valid aesthetic concerns of local citizens. The ban, however, is inherently at odds with, and thus must yield to, the federal law that allows certain trucks to travel on all segments of the interstate highway system, in furtherance of Congress' legitimate determination to promote commerce among all the States.

An Order will be entered simultaneously with this Memorandum.

### ORDER

In accordance with the contemporaneously entered Memorandum, the Court hereby GRANTS defendants' motion for summary judgment on the issue of preemption, and DECLARES that Tenn.Code Ann. §§ 54–16–101 and 54–16–110 are preempted by the Surface Transportation Assistance Act of 1982 to the extent that the Tennessee provisions purport to authorize a total ban of trucks from Interstate Route 440. Further, the Court GRANTS plaintiff's motion as to intervening defendants' claim under 42 U.S.C. § 1983 and hereby DISMISSES that claim.