**JEWISH HOSPITAL, INC., Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. C 90–0791–L(A).**

United States District Court, W.D. Kentucky, at Louisville.

March 16, 1992.

---

R. Thomas Carter, Edward L. Schoenbaechler, Jan M. West, Goldberg & Simpson, Louisville, Ky., for plaintiff.

General Counsel, Dept. of Health & Human Services, Washington, D.C., Donald F. Dickey, Dept. of Health & Human Services, Baltimore, Md., James H. Barr, Asst. U.S. Atty., Louisville, Ky., for defendant.

## MEMORANDUM OPINION

ALLEN, Senior District Judge.

This action is submitted to the Court on cross motions for summary judgment. Fed.R.Civ.P. 56. For the reasons set forth below, the defendant's motion will be granted, and the plaintiff's motion will be denied.

Plaintiff is a provider of hospital services as defined in 42 U.S.C. § 1395x(e) & (u). The defendant, Secretary of the Department of Health and Human Services, is a federal officer responsible for the administration of the Medicare Act.

In 1985 Congress enacted the Comprehensive Omnibus Budget Reconciliation Act of 1985 (hereinafter "COBRA"). Title 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) provides:

(vi) In this subparagraph, the term "disproportionate patient percentage" means, with respect to a cost reporting period of a hospital, the sum of—

(I) the fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which were made up of patients who (for such days) were entitled to benefits under part A of this title [i.e., Medicare] and were entitled to supplemental security income benefits (excluding any State supplementation) under title XVI of this Act [i.e., Supplemental Security Income], and the denominator of which is the number of such hospital's patient days for such period which were made up of patient, who (for such days) were entitled to benefits under part A of this title [i.e., Medicare], and

(II) the fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State plan approved under title XIX of this chapter [i.e., Medicaid], but who were not entitled to benefits under part A of this title [i.e., Medicare], and the denominator of which is the total number of the hospital's patient days for such period.

The Secretary's interpretation of this statute appears at 42 C.F.R. 412.106 and is to the effect that the hospital patient days which are to be used as the numerator under the formula include only those days for which benefits are payable under Medicaid and that any other patient days spent by persons who are in the Medicaid program but which are not reimbursed by Medicaid are not to be considered hospital patient days for purposes of computing the numerator. For example, if a patient is hospitalized for 15 days and eligible for Medicaid benefits for 10 days, only the 10 covered days are to be considered as Medicaid patient days for purposes of determining a hospital's disproportionate patient percentage.

Plaintiff contends that the statute is clear and that it is entitled to reimbursement under ¶ II for the hospital stay of all Medicaid patients, even though these patients were not reimbursed for Medicaid for all of their stay but only for a portion thereof. Plaintiff points out that there is a difference between the word, "eligible," and the word "entitled," both of which are used in the statute.

We believe that the statute supports the Secretary's interpretation. However, even if that were not the case, we believe the most that could be said concerning the statute is that it is ambiguous. The parties agree that if the statute is ambiguous, the

Secretary can legally choose the interpretation. We also are of the opinion that the statute, as drafted, by including the words, "for such days," means that the hospital may recover only for those days on which Medicaid patients were actually reimbursed. Had Congress intended the result sought by the plaintiff it would have left out "for such days" and made it clear that all patients on Medicaid were to be counted as part of the numerator regardless of whether they were days on which Medicaid benefits were actually paid.

The plaintiff also contends that the Secretary's interpretation is irrational and that it results in the lowest of disproportionate share of payments being received by hospitals that arguably need payment the most because of restrictive Medicare policies. This argument appears to rest on the theory that the overall congressional intent is contrary to the Secretary's interpretation. It is true that Congress was interested in adjusting the Medicare prospective payment system to recognize the higher costs incurred by hospitals in serving a disproportionate share of low income patients. However, as pointed out in the discussion about prospective payment system, it is apparent that several options were available to Congress in considering the enactment of legislation. *See* Statement of Nancy Gordon, July 25, 1985, before the Senate Subcommittee on Health in the Committee on Finance.

It is apparent to the Court that any solution arrived at by Congress short of reimbursing all hospitals for all noncompensated costs would result in some inequities because of the varying circumstances of hospitals in treating such patients. We conclude that the result reached by the Secretary is not contrary to the overall intent of Congress.

■ Plaintiff further contends that the Secretary's interpretation violates the Equal Protection Clause. We note that Congress has not acted to revise or repeal the interpretation placed on the statute by the Secretary even though there have been several amendments to what is known as the DSH statute. "A failure by Congress to revise or repeal an agency's interpretation is persuasive evidence that the interpretation is the one intended by Congress." *Young v. Community Nutrition Institute*, 476 U.S. 974, 983, 106 S.Ct. 2360, 2365–66, 90 L.Ed.2d 959 (1986); *NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 275, 94 S.Ct. 1757, 1762, 40 L.Ed.2d 134 (1974); *Isaacs v. Bowen*, 865 F.2d 468 (2d Cir. 1989).

■ Plaintiff also claims that the statute as interpreted by the Secretary does a violence to the Equal Protection Clause. This argument must fail because when the legislation is economic or social in nature, the Equal Protection Clause is not offended unless the classification scheme is wholly irrational. In reviewing social welfare regulations which determine how benefits are to be distributed, the Courts must uphold the regulations if they bear a rational relationship to a legitimate governmental purpose. *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970); *Borman's v. Mich. Prop. & Guar. Ass'n.*, 925 F.2d 160, 162–63 (6th Cir.1991); *Bradley v. Austin*, 841 F.2d 1288, 1295 (6th Cir.1988).

Here the statute as interpreted by the Secretary is intended to serve as payments to hospitals in light of the fact that the hospital is treating patients who do not have their own means of paying for their care. Because the states vary greatly in their regulations as to eligibility for Medicaid benefits so necessarily must be prospective payments as made by the Secretary vary. If the method adopted by the plaintiff were followed, there would still be inequity between the payments received by the hospitals.

Finally, the plaintiff contends that the Secretary lacked good cause to issue an interim final rule with comment period rather than issuing a notice of proposed rulemaking. COBRA was enacted on April 7, 1986, with May 1, 1986, as its effective date. In recognition of that fact, Congress expressly authorized the use of interim final regulations. *See* Pub.L. No. 99–272, § 9115(b) (1986). We note that the Secretary also provided for a comment period

following publication of the interim final rule. We therefore conclude that the plaintiff's argument concerning the lack of proper notice is without merit.